UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-cr-117 (ECT/SGE)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) **GOVERNMENT'S RESPONSE TO DEFENDANT'S POST-HEARING BRIEF** |
| JUSTIN DAVID EICHORN, | ) |
| Defendant. | ) |

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Daniel W. Bobier, Assistant United States Attorney, submits this response to the post-hearing brief of the defendant, Justin Eichorn. Dkt. 61. This submission incorporates by reference: the government's pre-hearing omnibus response, Dkt. 43; Exhibits A through C, Dkts. 43-1, 43-2, 44 (admitted into evidence at the motions hearing); and the transcripts of the preliminary and motions hearings (filed with this brief as Exhibits D and E). For the reasons set out in the government's earlier briefing, at the motions hearing, and below, the defendant's motions should be denied.

## INTRODUCTION

Eichorn argues that this prosecution violates his rights because the government charged with him attempting to buy sex from a minor after he did so. He bases his objection on two facts: that at the time of the charged conduct he was a public official and that the government noted after his arrest that it has no tolerance for public officials who violate the law. As set out in the government's pre-hearing brief, those facts come nowhere close to meeting the weighty burden Eichorn must

carry to challenge prosecutorial discretion. Nothing presented at the motions hearing changes this.

Eichorn does not claim he is prosecuted because he held any particular view, subscribed to any particular position, or voiced any particular opinion. Under his conception of the law, every public official would be shielded from criminal prosecution for every federal offense. He is wrong. Eichorn's argument fails on the law and has no basis in the facts. It should be rejected.

## **ARGUMENT**

### I.  Eichorn's Motion to Dismiss Should Be Denied

As before, Eichorn argues that because the government did not charge every person apprehended in the sting operation that ensnared him, the government's case is unconstitutionally selective. He is wrong. Under the law, selective prosecution claims fail where the government has prosecuted similarly situated defendants. Dkt. 43 at 10-13 (citing *United States v. Leathers*, 354 F.3d 955, 963 (8th Cir. 2004) (holding that where there have been "past federal prosecutions" of similarly situated individuals, a defendant cannot show "he has been singled out for prosecution")). That dooms Eichorn's claim here, where the government has repeatedly prosecuted and is currently prosecuting similarly situated defendants. *See* Dkt. 43 at 12 (cataloguing past and present 2422(b) prosecutions arising from state-run stings).

As before, Eichorn presents zero evidence of vindictiveness. Dkt. 43 at 8-10. He points out instead that he faces a sterner sentence upon conviction than he would in state court on state charges. But even if Eichorn could have presented evidence that the government charged him for that reason, it would not help him. Again, Eighth

2

Circuit law rejects his argument. *Leathers*, 354 F.3d at 962 (rejecting argument that disparity between state and federal penalties is evidence of impermissible motive).

## II.     Eichorn's Motion to Suppress Should Be Denied

As before, Eichorn argues certain evidence seized from his truck should be suppressed. His arguments fail.

Law enforcement had probable cause to arrest him. *See* Dkt. 43 at 13-15; *cf.* Minn. Stat. 609.324, subdivs. 1(c)(3), 2(a)(2) (criminalizing offering or agreeing to hire someone for sexual contact, whether of age or believed to be a minor). Eichorn's abandonment argument fails because he took substantial steps toward his crime with the requisite intent. Dkt. 43 at 14 n.14 (citing *United States v. Rajab*, 23 F.4th 793, 797 (8th Cir. 2022)). Eichorn argues that, after speaking for days with a person who told him on three occasions she was underage, after discussing prices and venues for specific commercial sex acts, after equipping himself with cash and a condom, after driving to the agreed-upon meet-up, and after confirming to the undercover that he had arrived as promised, he was actually moments away from leaving the scene and would have, but for his arrest. Even if the evidence supported that version of events, it is legally irrelevant. A defendant cannot attempt to rob a bank, walk out when unsuccessful, and then cry innocence—much less freedom from a probable-cause arrest. *See id.* Eichorn's substantial steps defeat any abandonment argument.

Because officers had probable cause to arrest Eichorn, the law authorized them to search his truck incident to his arrest. *Id.* at 17-18. Even without such authorization, the search was permissible under the automobile exception. Dkt. 43 at 16-17. And even if those two, independent authorizations weren't present here,

3

suppression still would not be warranted because law enforcement found the challenged evidence during a reasonable inventory search.

Inventory searches permit law enforcement "to inventory the contents of a vehicle that is lawfully taken into custody, even without a warrant or probable cause to search." *United States v. Garreau*, 658 F.3d 854, 857 (8th Cir. 2011). Such searches only need be reasonable. That standard is met by any search conducted according to standardized police procedures. Dkt. 44 at 18-20 & n.16.

Here, Bloomington PD has standard policies and procedures. Ex. E, Hr'g Tr. 30:5-10. One of those policies is the Bloomington impound/tow procedure. *Id.* 31:3-11 (describing Exhibit C, the policy document). That policy prescribes that all impounded vehicles shall be subjected to an inventory search. Ex. B at II.B. Under the policy, a car is "impounded" when it: (a) is held by Bloomington for evidence, safekeeping, or forfeiture and (b) meets one or more of the policy's "conditions for impoundment." Ex. B; Hr'g Tr. 32:2-33:7 (BPD officer testimony). Those "conditions for impoundment" include the absence of a valid driver, that the driver has been arrested, and that the vehicle is subject to forfeiture. *See* Ex. B at I.A, I.C, I.F. Eichorn's truck met both requirements.

First, Bloomington officers intended to forfeit Eichorn's truck. Hr'g Tr. 45:16-46:8. Second, at the time of the search, officers had arrested Eichorn and placed him in a squad car for transport to the lock-up, *id.* 44:9-22, thereby satisfying at least three of the independently sufficient conditions for policy-defined "impoundment," Ex. B at I.A, I.C, I.F. Together, those facts obligated officers to conduct an inventory

4

search, and they did so. Even if for no other reason, the officers' search of Eichorn's truck was permissible as an inventory search.

### III. Eichorn's Motion to Suppress Unspecified Statements Should Be Denied As Moot

The defense has not identified any particular statement it believes runs afoul of *Miranda*. As explained in the government's pre-hearing submissions and at the hearing, the government reviewed body cam footage to try to identify all of Eichorn's post-arrest statements. The government explained that none of the statements it identified offend any constitutional protections. It also explained that none of those statements has any evidentiary value to either side and that the government does not intend to introduce them at trial. Dkt. 43 at 23-25. Because the defense has not identified any other statements it believes are problematic, this motion is moot.

### IV. Eichorn's Motion for Disclosure of the Identity of the Undercover Officer Pictured in the Sting's Photographs Should Be Denied

As before, Eichorn argues for the compelled production of the age and identity of the woman that posed for the photos used in the sting. That person did not have any involvement in the sting whatsoever aside from posing for those photos. Dkt. 44 at 21-22. Eichorn has not and cannot articulate any way that her true age and identity bear on any element of the charged offense or any proper defense. This case turns on what Eichorn knew at the time he agreed to meet for commercial sex. Things he did not know then—like the undercover's real identity and age—cannot possibly have informed his beliefs as to the age of the person he arranged to meet. For that same reason, such evidence cannot be put to any proper purpose in marshalling

5

Eichorn's defense. The requested information simply is not "material either to guilt or punishment." The request should be rejected.

## CONCLUSION

Based on the evidence presented at the preliminary and motions hearings, as well as the arguments made there, in the government's initial submission, and above, the government respectfully requests that the defendant's motions be denied.

Dated: October 20, 2025

Respectfully submitted,

DANIEL N. ROSEN
United States Attorney

*/s/ Daniel W. Bobier*

BY: DANIEL W. BOBIER
Assistant United States Attorney